UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-98-RLV
(5:00-cr-15-RLV-2)

| | |
|---|---|
| JEREMY RAY DANNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Respondent's unopposed motion to hold this action in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Respondent's motion, counsel for Petitioner does not object to the request. (Id. at 2.)

On September 15, 2000, Petitioner pled guilty to Conspiracy to Possess with Intent to Distribute, and Distribute, Cocaine, Cocaine Base, and Heroin, 21 U.S.C. §§ 841(a)(1) and 846. The presentence report found that Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: a 1993 North Carolina conviction for breaking and entering, and a 1997 North Carolina conviction for possession with intent to deliver cocaine. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 14, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Petitioner argues that his prior North Carolina conviction for breaking and entering no longer qualifies as a career-offender predicate in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551

1

(2015).  Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline.  Id., 135 S. Ct. at 2563.

On December 13, 2016, Respondent filed the instant motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544.  (Doc. No. 4.)  According to Respondent, Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including:  whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in Beckles v. United States, No. 15-8544.  Respondent shall have 60 days from the date the Supreme Court issues its decision in Beckles to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

Signed: December 15, 2016

Richard L. Voorhees
United States District Judge