UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-98-RLV
(5:00-cr-15-RLV-2)

| | |
|---|---|
| JEREMY RAY DANNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner's unopposed motion to hold this action in abeyance. (Doc. 8.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Petitioner's motion, counsel for the Government does not object to the request. (Id. at 2.)

On June 14, 2016, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Petitioner argues that he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id., 135 S. Ct. at 2563.

On December 15, 2016, the Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 5.) The Supreme Court issued that decision on March 6, 2017, holding that the "the advisory [Sentencing] Guidelines are not subject to vagueness

1

challenges under the Due Process Clause" and that Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Id. at 890, 895.

In the wake of the Beckles decision, Petitioner filed a supplemental brief in support of his Motion to Vacate, in which he argues that Beckles does not resolve his claim for relief because he was sentenced when the Sentencing Guidelines were mandatory, rather than advisory. (Doc. No. 6.) The Government has filed a Response to the Motion to Vacate. (Doc. No. 7.) Petitioner now moves to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056, in which the defendant argues that his sentence should be vacated under Johnson because he was classified as a career offender based on the residual clause of the career-offender guideline when the Guidelines were mandatory. Brown, at Doc. 42.

For the reasons stated by Petitioner, and without objection from counsel for the Government, the Court concludes the Motion to stay should be granted.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to hold his § 2255 Motion to Vacate in abeyance (Doc. No. 8) is **GRANTED,** and this action is stayed pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. Thereafter, Petitioner shall have 14 days from the date the Fourth Circuit issues its mandate in Brown to file a reply to the Government's Response to the Motion to Vacate.

Signed: May 17, 2017

Richard L. Voorhees
United States District Judge