UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00098-MOC
(5:00-cr-00015-MOC-2)

| | |
|---|---|
| JEREMY RAY DANNER, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon Petitioner's unopposed Motion to hold this 28 U.S.C. § 2255 action in abeyance pending resolution by the United States Supreme Court of United States v. Thilo Brown. (Doc. No. 10.) This Court previously held Petitioner's § 2255 action in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7056. (Doc. No. 9.)

Brown, like Petitioner, was sentenced as a career-offender when the United States Sentencing Guidelines were mandatory, rather than advisory. He argued in his § 2255 motion that the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), does not resolve whether his sentence is invalid under United States v. Johnson, 135 S. Ct. 2551 (2015). On August 21, 2017, the Fourth Circuit held that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)." United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017). According to the instant Motion, the Fourth Circuit denied Brown's petition for rehearing and rehearing en banc on February 26, 2018.

Petitioner's post-conviction counsel states that Brown's counsel will file a petition for

1

writ of certiorari to the United States Supreme Court. (Doc. No. 10 at ¶ 6.) Petitioner now moves to hold this action in abeyance pending the Supreme Court's resolution of Brown. The Government does not oppose Petitioner's abeyance Motion. (Doc. No. 10 at ¶ 8.) For the reasons stated in the Motion, and without objection from the Government, the Court concludes the motion to hold this action in abeyance should be granted.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to place this action in abeyance (Doc. No. 10) is **GRANTED**, and this action is held in abeyance pending the Supreme Court's resolution of United States v. Thilo Brown. Thereafter, Petitioner shall have 30 days to reply to the Government's Response in opposition to his § 2255 Motion to Vacate.

**IT IS FURTHER ORDERED** that in the event Brown does not file a petition for writ of certiorari, counsel for Petitioner shall file written notice of that fact no more than seven (7) days after Brown's deadline for filing a certiorari petition expires.

Signed: April 12, 2018

Max O. Cogburn Jr.
United States District Judge